BC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED
8/31/2026 MPV
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EDWARD PALOMINO QUISPE,

Petitioner,

v.

DAYLIBETH YOMELIS CRISTINA CURVELO ESPAÑA,

Respondent.

Case No. ____________ **1:26-cv-10546**

Judge: ____________ **Judge Manish S. Shah**
**Magistrate Judge Beth W. Jantz**
**Random/Cat. 2**

PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION AND ICARA

**PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION AND THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT**

1. Petitioner Edward Palomino Quispe ("Petitioner"), proceeding pro se, respectfully petitions this Court for the prompt return to Peru of his minor child, identified in this public filing by the initials "E.S.P.C." ("the Child"), pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011.

2. The Child was habitually resident in Peru immediately before his removal on May 21, 2023. The Child was born in Huaycán, Ate, Lima, Peru, on April 26, 2020, and his habitual residence before removal was in Lima, Peru. The MIMP, the Central Authority of Peru, identified Peru as the Child's habitual residence in the Hague application submitted on Petitioner's behalf.

3. On May 21, 2023, Respondent removed the Child from Peru. Petitioner did not consent to the Child's removal to the United States and did not provide a travel authorization permitting the Child to travel to the United States.

4. Before the departure, Respondent told Petitioner that she intended to travel to Venezuela to visit family. Respondent requested that Petitioner provide a notarized travel authorization for the Child. Petitioner did not provide that authorization. According to communications preserved by Petitioner and information already provided to the Peruvian Central Authority, Respondent later acknowledged that she did not tell Petitioner that the actual destination was the United States because she knew Petitioner would not permit that destination.

5. Petitioner learned on or about May 31, 2023, while Respondent was in Panama, that the actual plan was to enter the United States. The Child subsequently arrived in the United States in approximately June 2023.

6. After the Child arrived in the United States, Petitioner initially maintained communication with Respondent and the Child. Respondent later stated that she was working and that the Child was being cared for by another woman. Communication then progressively ceased. Respondent ultimately blocked Petitioner and members of his family through social media and telephone communications, preventing Petitioner from maintaining contact with the Child.

7. Petitioner repeatedly attempted to maintain a relationship with his Child and repeatedly asked Respondent not to prevent communication between father and son. The Peruvian Central Authority's Hague application documents these efforts and the subsequent loss of communication.

8. Petitioner reported the matter to Peruvian authorities and subsequently requested the assistance of the Ministry of Women and Vulnerable Populations (MIMP), the Peruvian Central Authority under the Hague Convention. MIMP submitted a request for international return of the Child under the Hague Convention.

9. Petitioner has been informed that the United States Central Authority provided Peru with resources for alternative legal assistance, including resources for self-representation (pro se), because counsel in the United States could not be obtained for Petitioner.

10. The Child is believed to be located in Chicago, Illinois. Petitioner has provided the Child's last known location to the Peruvian Central Authority. Petitioner requests that the Court permit the necessary service and proceedings concerning the Child's current location and Respondent's address.

11. This Court has jurisdiction under ICARA, 22 U.S.C. § 9003(a), which gives state courts and United States district courts concurrent original jurisdiction over actions arising under the Hague Convention. Section 9003(b) authorizes a person seeking return of a child to commence a civil action by filing a petition in a court with jurisdiction where the child is located at the time the petition is filed.

12. Venue is proper in this District because the Child is believed to be located in Chicago, Illinois, within the Northern District of Illinois.

13. The Child's removal was wrongful within the meaning of Article 3 of the Hague Convention because it breached Petitioner's rights of custody under the law of Peru, the Child's country of habitual residence, and Petitioner was exercising those rights at the time of removal.

14. Petitioner is the Child's father. Before the removal, Petitioner and Respondent were living together as a family in Peru. Petitioner participated in the Child's care and upbringing and was exercising his parental rights before the Child was taken from Peru.

15. Petitioner did not acquiesce in the Child's permanent relocation to the United States. To the contrary, Petitioner repeatedly sought communication with the Child, objected to being separated from him, reported the matter to Peruvian authorities, and pursued the Hague Convention return process through MIMP.

16. The fact that more than one year has elapsed since the Child's removal does not establish that Petitioner consented to or acquiesced in the removal. Petitioner requests that the Court consider the documented circumstances of the delay, including Respondent's concealment of the actual destination, the progressive restriction and eventual blocking of Petitioner's contact with the Child, and Petitioner's efforts through Peruvian authorities to secure the Child's return.

17. Petitioner has recently received additional evidence concerning the Child's current circumstances and supervision. Petitioner does not ask this Court to decide final custody based on those materials. He submits them to explain his current concern for the Child's welfare and, if appropriate, to support narrowly tailored interim protective relief while the Hague proceedings are pending.

18. Petitioner respectfully reserves the right to supplement this Petition with additional documentary evidence, declarations, certified or authenticated records, and translations as required by the Court.

**REQUEST FOR RELIEF**

Petitioner respectfully requests that the Court:

(a) exercise jurisdiction under ICARA and the Hague Convention;

(b) order the prompt return of the Child to Peru, the Child's habitual residence immediately before the wrongful removal;

(c) order Respondent to produce the Child before the Court and provide the information necessary to determine the Child's current location and circumstances;

(d) set an expedited hearing and case schedule consistent with the Hague Convention and ICARA;

(e) grant such temporary or provisional relief as the Court determines necessary to prevent further concealment or removal of the Child while this action is pending;

(f) award such costs and expenses as are authorized by 22 U.S.C. § 9007(b), if the statutory requirements are met; and

(g) grant such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

EDWARD PALOMINO QUISPE
Petitioner, Pro Se
UCV. 61, A.H. Huaycan zona D Lt. 23,
+51 913687148
eddu.paqui2508@gmail.com

**DECLARATION OF EDWARD PALOMINO QUISPE**

I, Edward Palomino Quispe, declare under penalty of perjury under the laws of the United States that the following is true and correct to the best of my knowledge:

1. I am the father of the minor Child identified in the Petition as E.S.P.C.

2. The Child was habitually resident in Peru before May 21, 2023.

3. On May 21, 2023, Respondent left Peru with the Child. I did not authorize the Child's travel to the United States.

4. Respondent told me that the intended destination was Venezuela. I did not provide the requested notarized authorization for the Child's departure.

5. I learned later, while Respondent was in Panama, that the actual destination was the United States. I was told that if I had known the actual destination, I would not have permitted the trip.

6. After the Child reached the United States, I attempted to maintain communication. Over time, Respondent restricted and then blocked my communications and those of members of my family.

7. I sought assistance from Peruvian authorities and the MIMP, Peru's Central Authority, and pursued the Hague Convention return process.

8. I am currently seeking the Child's return to Peru and am prepared to participate in the proceedings required by the Court.

9. I have additional evidence, including communications and audiovisual material, that I can provide to the Court as appropriate.

Executed on: August 31, 2026

________________________________________

EDWARD PALOMINO QUISPE