**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| EDWARD PALOMINO QUISPE,<br><br>Petitioner,<br><br>v.<br><br>ESPANA CURVELO DAYLIBETH YOMELIS CRISTINA,<br><br>Respondent. | Civil No. 1:26-cv-10546<br><br>The Hon. Manish S. Shah,<br>Judge Presiding |

**PETITIONER'S MOTION FOR DEFAULT AND FOR ENTRY OF <u>JUDGMENT ORDERING THE RETURN OF THE MINOR CHILD TO PERU</u>**

Petitioner Edward Palomino Quispe, through his counsel, moves under Federal Rules of Civil Procedure 55(a) and 55(b)(2) for entry of default against Respondent, Espana Curvelo Daylibeth Yomelis Cristina, and, thereafter, for the entry of a default judgment ordering the return of the parties' son, E.S.P.C., to Peru.

## <u>BACKGROUND</u>

1. On August 31, 2026, Petitioner commenced this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* ("ICARA") seeking the return of the parties' minor child, E.S.P.C., to his home country of Peru.

2. E.S.P.C. was born April 26, 2020, in Huaycán, Ate, Lima, Peru. The parties, who never married, are his natural and legal parents. (ECF 9 at 13).

3. Respondent brought E.S.P.C. to the United States on or about June 26, 2023, after falsely telling Petitioner she was traveling with the child to Venezuela to visit her ailing father.

4. From Venezuela, Respondent, without Petitioner's consent, brought the child to Panama and then emigrated illegally to the United States some time in the summer of 2023.

5. Respondent stopped communicating with Petitioner shortly thereafter, in September 2023. Petitioner's last contact with E.S.P.C. was November 29, 2023. Respondent then blocked Petitioner and his family by telephone and on social media. (ECF 9 at 2, 21, 28.)

6. Through the assistance of the State Department and Peruvian authorities, Petitioner ultimately learned that Respondent and E.S.P.C. resided in Illinois.

7. Petitioner commenced this action thereafter and served Respondent with an Alias Summons and a copy of his Petition on October 3, 2026. (ECF 22.) Under Rules 12(a)(1)(A)(i) and 6(a)(1)(C), her answer was due October 26, 2026.

8. Respondent has not appeared, answered, or participated in this matter in any way. Nor has she contacted undersigned counsel.

9. Respondent is not a minor or an incompetent person. She is not in military service.

## I. REQUEST FOR DEFAULT

10. Default is a two-stage process. The Court first enters a finding of default under Rule 55(a). It then enters judgment under Rule 55(b) provided the Petitioner can establish his entitlement to the relief he seeks. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

11. Default is required when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

12. Here, Respondent was properly served. She has not appeared or answered. Default should enter.

## II. ENTRY OF DEFAULT JUDGMENT FOR RETURN OF E.S.P.C.

13. On default, the well-pleaded allegations of the complaint relating to liability are taken as true. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

14. And while the allegations in Petitioner's Petition, when taken as true, establish his entitlement to the return of his son to Peru, Petitioner stands willing to offer testimony should this Court deem it necessary to adjudicate his Petition.

15. A petitioner seeking the return of a child under the Hague Convention must prove wrongful removal by a preponderance of the evidence. 22 U.S.C. § 9003(e)(1)(A). Removal is wrongful when (a) it breached rights of custody under the law of the child's habitual residence, and (b) the petitioner was exercising those rights at the time, or would have been but for the removal. Convention art. 3; *Walker v. Walker*, 701 F.3d 1110, 1121 (7th Cir. 2012); *Redmond v. Redmond*, 724 F.3d 729, 738 (7th Cir. 2013).

16. A child's habitual residence depends on the totality of the circumstances. *Monasky v. Taglieri*, 589 U.S. 68, 71 (2020). E.S.P.C. was born in Peru in 2020 and lived there his entire life until Respondent removed him from Peru in May 21, 2023. Both parents lived and worked in Lima. Nothing suggests a shared intent to relocate. Respondent told Petitioner she was taking E.S.P.C. on a trip to visit family in Venezuela; not that she was permanently removing the child from Peru for the United States.

17. Peruvian law bars a child from leaving the country, alone or with one parent, without the authorization of both parents. See *Sabogal v. Velarde*, 106 F. Supp. 3d 689, 700 (D. Md. 2015) ("*Patria potestas* is codified in Peruvian law under the term 'parental authority,' which is defined as the right and duty of the parents to take care of the person and property of their minor children. Civil Code of Peru § 418. In addition to providing rights and duties relating to the development, education, and assets of a child, parental authority gives parents the right to '[k]eep the children with them and appeal to the proper authority in order to recover them,' which necessarily implies rights relating to the child's residence. Code of Children and Adolescents of Peru art. 74(e).").[1]

18. Petitioner lived with and supported E.S.P.C. until Respondent removed him from Peru. (ECF 9 at 2, 20–21.) A parent who has not clearly and unequivocally

[1] Pursuant to FRCP 44.1, Petitioner asks the Court to take notice of Peru's Código de los Niños y Adolescentes, accessible here https://www.gob.pe/institucion/mimp/informes-publicaciones/7858302-codigo-de-los-ninos-y-adolescentes. *Patria potestad* is codified in Title I, Chapter I, Art. 74-80.

abandoned his child is deemed to have been exercising his custodial rights. *See Walker*, 701 F.3d at 1121.

19. E.S.P.C. is six years old, and the Convention has been in force between the United States and Peru since June 1, 2007.[2]

## III. NO EXCEPTION BARS RETURN.

20. Once wrongful removal is shown, the burden shifts to the respondent to establish an exception to return. 22 U.S.C. § 9003(e)(2); *Golan v. Saada*, 596 U.S. 666, 672 (2022) ("If the court finds the child was wrongfully removed or retained, the respondent opposing return of the child has the burden of establishing that an exception to the return requirement applies."). Respondent has asserted no exceptions here.

### A. Petitioner Did Not Acquiesce to His Son's Removal from Peru to the United States

21. While Petitioner consented to Respondent's visit to Venezuela, and agreed to provide financial support to the mother of his child when she told him they were in Panama, he did not consent or acquiesce to her removal and retention of E.S.P.C. in the United States.

22. Petitioner agreed to a visit to Venezuela. He did not consent to his son's relocation to the United States. Respondent concealed that destination because she knew he would refuse. (ECF 9 at 25.) Consent to remove a child from a country for a

[2] See https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/abductions/hague-abduction-country-list.html (page 3/4) (last accessed November 2, 2026).

limited period of time does not render retention beyond those conditions permissible. *Baxter v. Baxter*, 423 F.3d 363, 370 (3d Cir. 2005).

23. Nor did Petitioner acquiesce to his son's retention in Illinois. Acquiescence requires an act or statement with the requisite formality, a convincing written renunciation of rights, or a consistent attitude of acquiescence over a significant period of time. *Friedrich v. Friedrich*, 78 F.3d 1060, 1070 (6th Cir. 1996); *Walker v. Walker*, 701 F.3d 1110, 1122 (7th Cir. 2012) ("Unlike consent, acquiescence must be formal."). Here, Petitioner insisted on contact, filed a criminal complaint, told the prosecutor he sought parental authority, and pursued return through the Peruvian Central Authority.

**B. The Well-Settled Exception Does Not Apply.**

24. Petitioner commenced this action more than one year after the removal. Article 12 therefore permits Respondent to show that E.S.P.C. is now settled in his new environment. The burden is hers, by a preponderance of the evidence. 22 U.S.C. § 9003(e)(2)(B).

25. While Respondent, by failing to appear, cannot meet this burden, the evidence would not support it if she attempted to do so. The U.S. State Department has declared that "nothing less than substantial evidence of the child's significant connections to the new country is intended to suffice to meet the respondent's burden of proof." Public Notice 957, Text & Legal Analysis of Hague International Child Abduction Convention, 51 Fed.Reg. 10494, 10509 (U.S. State Dep't Mar. 26, 1986).

26. Upon information and belief—based upon information provided to the undersigned counsel by the State Department—Respondent and the child have moved frequently since coming to the Chicagoland area, residing: (i) on the 4400 block of South Rockwell Street in Chicago; (ii) on the 9800 block of Nottingham Ave. in Chicago Ridge; (iii) on the 7800 block of South Shore Drive in Chicago; and, most recently, (iv) on the 15000 block of Cicero Ave. in Oak Forest, Illinois.

**WHEREFORE**, Petitioner Edward Palomino Quispe asks the Court to:

A. Enter Respondent's default under Rule 55(a);

B. Enter a default judgment thereafter in his favor and against Respondent; or, alternatively

C. Set an evidentiary hearing under Rule 55(b)(2) on the earliest available date, and grant Petitioner leave to testify remotely through an interpreter.

D. Enter judgment under Rule 55(b)(2) and 22 U.S.C. § 9003 finding that E.S.P.C. was wrongfully removed from Peru and ordering his return to Peru by a date certain, under conditions the Court sets.

E. Pending return, order Respondent to surrender E.S.P.C.'s passport and travel documents to the Clerk, and bar removal of E.S.P.C. from the Northern District of Illinois except for return to Peru.

Respectfully Submitted,

**BEERMANN LLP**

*<u>/s/ Matthew D. Elster</u>*
Attorneys for Petitioner (court-appointed)
161 N. Clark St., Suite 3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| EDWARD PALOMINO QUISPE,<br><br>Petitioner,<br><br>v.<br><br>ESPANA CURVELO DAYLIBETH YOMELIS CRISTINA,<br><br>Respondent. | Civil No. 1:26-cv-10546<br><br>The Hon. Manish S. Shah,<br>Judge Presiding |

**AFFIDAVIT OF MATTHEW D. ELSTER**

Matthew D. Elster, being duly sworn under penalties of perjury, states as follows:

1. I am an individual over the age of 18 and an attorney in good standing licensed to practice law in the state of Illinois and before this Court.

2. Respondent was personally served with process in this matter via special process server on October 3, 2026. (ECF 22). She has neither appeared nor answered.

3. On November 4, 2026 I conducted a thorough search on the Servicemembers Civil Relief Act Website (https://scra-e.dmdc.osd.mil/scra/#/single-record) using Respondent's date of birth (12/29/1999) and all permutations of her last name and confirmed that she is not engaged in the military service to the United States.

Further affiant sayeth not,

*/s/ Matthew D. Elster*

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, I filed this motion through the Court's CM/ECF system and served it, with notice of the hearing, on Respondent Espana Curvelo Daylibeth Yomelis Cristina by Federal Express to 15139 Cicero Avenue, Oak Forest, Illinois, 60452-2401 and via email to: Curveloday4@gmail.com.

*/s/ Matthew D. Elster*